**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**

**CIVIL ACTION NO. 3:05CV-274-H**

**BRENDA C. ARMSTEAD**                                                                              **PLAINTIFF**

**v.**

**GEORGE W. BUSH**                                                                                 **DEFENDANT**

**MEMORANDUM OPINION**

The plaintiff, Brenda C. Armstead, filed a *pro se* complaint against President George W. Bush (DN 1). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." As a review of the complaint reveals that this Court lacks jurisdiction over the subject matter contained therein, the Court will dismiss the action pursuant to Rule 12(h)(3).

**I.**

The plaintiff filed this action on a court-approved complaint form. In the complaint, she lists her address as "Gal., TX," (DN 1), but on the envelope of a recently filed letter, she provides a return address of "Indian Rocks Beach, Florida." (DN 5). In the portion of the complaint form directing the plaintiff to state the grounds for filing this case in federal court, she writes, "Federal Rule Civil Proc. 26.04." As her statement of claim, she writes, "Seeking Perm. Jobs: All Court All Elected All Appointed officials and All Their Respective Staff." As relief, she asks the Court to "Grant This motion – Elections – Conflict of Interest – illegal." To the complaint, she attaches a copy of one page of an order from the United States District Court

for the Eastern District of California granting her request to proceed *in forma pauperis* in Civil Action No. CIV.S. 05-0651 FCD GGH PS.  At the top of the order, the plaintiff handwrites, "I dismissed this cause Vol. because I want your ct. to have it."

## **II.**

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *See generally* 28 U.S.C. §§ 1330-1364; *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998).  Without jurisdiction, courts have no power to act. *Id.* at 606.  The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. State of Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d at 606.

In the present case, the plaintiff has not met her burden of establishing this Court's jurisdiction.  While she and the defendant are diverse in citizenship, she has not alleged the requisite amount in controversy to invoke this Court's jurisdiction under the federal diversity statute.  *See* 28 U.S.C. § 1332.  Moreover, she has not shown that this is the proper district in which to bring such an action.  *See* 28 U.S.C. § 1391.  The plaintiff has further failed to demonstrate federal question jurisdiction.  *See* 28 U.S.C. § 1331.  Although she cites to Federal Rule of Civil Procedure 26.04, such a rule does not exist.  There is a Rule 26, but it pertains to discovery and the duty of disclosure, which is not applicable here.  Furthermore, a rule of civil procedure cannot confer subject matter jurisdiction on this Court.  Finally, the Court notes that

the plaintiff's complaint fails to comply with the requirements of notice pleading contained in Rule 8(a) of the Federal Rules of Civil Procedure, as nothing in the complaint places the defendant on notice as to the claim against him.  *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519 (1972).  The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

As the plaintiff has failed to establish the subject matter jurisdiction of this Court, the instant action will be dismissed.  The Court will enter a separate order consistent with this memorandum opinion.

Date:

cc:     Plaintiff, *pro se*
4412.005